**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS POPE, on behalf himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) Case No. 1:22-cv-05508 |
| PAPA JOHN'S INTERNATIONAL, INC. d/b/a PAPA JOHNS, and COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendant Papa John's International, Inc. ("PJI") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(3).

**I.      Overview of Claims Asserted and Relief Sought**

Plaintiff Nicholas Pope alleges that PJI, through its purported use of an artificial intelligence ("AI")-assisted voice ordering system operated by Cognizant Technology Solutions Corporation ("Cognizant"), violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq. See, e.g.*, Compl. ¶¶ 6-15, attached as part of Exhibit A, which contains "a copy of all process, pleadings, and orders served upon" PJI. 28 U.S.C. § 1446(a).

Plaintiff makes allegations under several subsections of BIPA, asserting at least three separate claims under BIPA against PJI and against Cognizant on behalf of himself and a putative

class. *See* Ex. A. First, Plaintiff alleges PJI and Cognizant failed to obtain a written release before obtaining Plaintiff's and the putative class's purported biometric information, in violation of BIPA Section 15(b)(3). Compl. ¶ 81. Second, Plaintiff alleges PJI and Cognizant failed to properly inform Plaintiff or the putative class in writing that their purported biometrics were being collected, stored, or otherwise obtained and of the specific purpose and length of term for which those biometrics were being collected, stored, and used, as required by BIPA Section 15(b)(1)-(2). *Id.* ¶ 82. Third, Plaintiff asserts a cause of action under BIPA Section 15(a) on behalf of himself and the putative class for PJI's and Cognizant's purported failure to institute, maintain, and adhere to a publicly available retention schedule. *Id.* ¶¶ 66-74.

Plaintiff defines the putative class as follows:

> All Illinois residents who had their voiceprint or biometric information collected, captured, received, possessed, or otherwise obtained and/or stored by PapaCall when making a call from Illinois to a Papa Johns [*sic*] location in Illinois.

*Id.* ¶ 60. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each and every intentional and/or reckless violation of BIPA . . . ." *Id.* at Prayers for Relief ¶ c.

## II. Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported "class action" (*id.* ¶¶ 60-65) in which (A) minimal diversity exists, and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); *id.* at § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *id.* at § 1446 (permitting removal).

2

A.     **Minimal Diversity**

Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. Compl. ¶ 19. By contrast, PJI has its principal place of business in Louisville, Kentucky and is incorporated in Delaware—PJI is, therefore, a citizen of Kentucky and Delaware.[1] *See* State of Delaware, Dep't of State: Division of Corporations ("Papa John's International, Inc.") https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx (last visited Oct. 4, 2022) (screenshot of PJI's incorporation status from Delaware attached as Exhibit B); *see also* 28 U.S.C. § 1332(c)(1) (deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation).[2]

B.     **Amount in Controversy**

The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff alleges that the putative class includes "thousands if not millions of persons," Compl. ¶ 62, and that each class member is entitled to statutory damages of up to $5,000 for each of the alleged BIPA violations against each defendant. *Id.* at Prayers for Relief ¶ c. CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). Broken down, then, Plaintiff is seeking damages of at least $15,000 for each putative class member from both PJI and from Cognizant—and there are "at least thousands if not millions" of putative class members. Compl. ¶ 62. There need be only 334 members to exceed the $5 million threshold CAFA demands, if looking to allegations against one

---

[1] Plaintiff misidentifies PJI as incorporated in Indiana, not Delaware, in the Complaint. Compl. ¶ 20.

[2] Although not required for minimal diversity under CAFA, Cognizant is also diverse from Plaintiff—it is a Delaware corporation with its principal place of business in New Jersey. Compl. ¶ 21. Cognizant also consents to removal.

3

defendant alone. If looking to the allegations against both defendants, the putative class need only contain 167 members. Either way, by Plaintiff's allegations, the amount in controversy is readily satisfied.[3]

### III. Procedural Requirements for Removal

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). PJI was served on September 7, 2022. *See* Ex. A. Counting forward 30 days comes to Friday, October 7, 2022. PJI is today filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal attached hereto as Exhibit C. PJI is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: October 7, 2022

Respectfully submitted,

PAPA JOHN'S INTERNATIONAL, INC. d/b/a PAPA JOHNS

By: */s/ Erin Bolan Hines*

Erin Bolan Hines
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
ehines@shb.com

---

[3] PJI expressly denies liability, that BIPA even applies (contrary to the allegations, no "voiceprint" technology is used in the PapaCall system operated by Cognizant), and that Plaintiff is entitled to any damages. PJI also does not concede that BIPA's distinct subsections provide for separate statutory damages. PJI offers this analysis merely to show the as-pled (false) allegations easily satisfy the CAFA amount-in-controversy requirement. *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."). But even if the Court considers the damages sought for just one of Plaintiff's claims, Plaintiff is seeking damages of at least $5,000 for each putative class member from both PJI and from Cognizant, and he alleges there are "at least thousands if not millions" of putative class members. Compl. ¶ 62. There need be only 1,001 members to exceed the $5 million threshold CAFA demands based on the allegations against one defendant. If considering the allegations against both defendants, the putative class need only contain 501 members. Under any standard, the amount in controversy is satisfied.

4

        Elisabeth A. Hutchinson
        SHOOK, HARDY & BACON L.L.P.
        1660 17th Street, Suite 450
        Denver, CO 80202-1254
        Tel: (303) 285-5300
        Fax: (303) 285-5301
        ehutchinson@shb.com

        ***Attorneys for Defendant Papa John's International, Inc. d/b/a Papa Johns***

## **CERTIFICATE OF SERVICE**

I, Erin B. Hines, an attorney, hereby certify that on **October 7, 2022**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be electronically filed with the Court via the Court's ECF system. I further certify that I emailed a copy of same upon the following counsel of record:

Carl V. Malmstrom
WOLF HALDERSTEIN ADLER
FREEMAND & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
malmstrom@whafh.com

*Attorneys for Plaintiff*

                                                 */s/ Erin Bolan Hines*