# Exhibit A

FILED
8/30/2022 8:23 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08642
Calendar, 12
19303741

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

2022CH08642

NICHOLAS POPE, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

PAPA JOHN'S INTERNATIONAL, INC. d/b/a PAPA JOHNS, and COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,

Defendants.

Case No.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Nicholas Pope ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendants Papa John's International, Inc. d/b/a Papa Johns ("Papa Johns") and Cognizant Technology Solutions Corporation ("Cognizant") (collectively, "Defendants"). Plaintiff alleges as follows based on personal knowledge as to himself, on the investigation of their counsel, and on information and belief as to other matters, and demand trial by jury.

## NATURE OF ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendants in collecting, storing, using, and possessing Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including but not limited to fingerprints, iris scans, voiceprints, DNA, and "face geometry."

information[2] (referred to, collectively, as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities like Defendants may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be collected or stored; (2) inform that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored, and used; and (3) receive a written release from the person for the collection of his or her biometric identifiers or information. *See* 740 ILCS 14/15(b)(1)-(3).

4.      Moreover, entities possessing biometric identifiers and biometric information must publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

_____

[2] "Biometric information" is any information that is captured, converted, stored, or shared based on a person's biometric identifier and used to identify an individual.

2

5.    As alleged below, Defendants' practices of collecting, storing, using, and possessing individuals' biometric identifiers (specifically, voice prints) and associated biometric information violated BIPA §§ 15(a) and 15(b).

6.    In or about 2020, Defendant Papa Johns launched an artificial intelligence ("AI")-assisted voice ordering system, "PapaCall," that is used by its restaurants located across the nation, including those in Illinois.

7.    PapaCall utilizes an AI voice assistant to allow customers to place orders over the phone, answer customers' questions, give directions, and respond to other customer and restaurant needs.

8.    PapaCall was designed, developed, and provided by Defendant Cognizant.

9.    PapaCall collects, stores, uses, and possesses customers' voiceprints and biometric information to understand, interpret, analyze, and/or make use of speech signals produced by customers; engage in speech recognition and other functions; and fulfill machine learning processes, which, among other things, help Defendants' automated voice ordering systems to become more accurate over time; compile guest-specific data and/or identify customers; provide a tailored experience; and allow for expeditious reordering.

10.    However, Defendants have failed to comply with the foregoing provisions of BIPA §§ 15(a) and 15(b).

11.    Defendants never adequately informed Plaintiff and other customers who have interacted with the PapaCall that PapaCall collects, stores, and/or uses their voiceprints and biometric information.

3

12.     Defendants never adequately informed Plaintiff and other customers who have interacted with the PapaCall of the specific purpose and length of term for which such biometric identifiers and biometric information are collected, stored, and used.

13.     Defendants never obtained written consent from Plaintiff and other customers who have interacted with the PapaCall customers regarding Defendants' biometric practices.

14.     Defendants never provided any data retention or destruction policies to Plaintiff and other customers whose biometrics Defendants possessed.

15.     If Defendants' collection of the voiceprints of Plaintiff and other customers were to fall into the wrong hands, by data breach or otherwise, then unscrupulous entities could subvert such individuals' expectations of personal privacy, grossly violate their respective senses of dignity, and otherwise flout notions of common decency. Voiceprints and related biometric information may be used to glean copious amounts of sensitive information about those who are subject to their collection. "To the human ear, your voice can instantly give away your mood, for example—it's easy to tell if you're excited or upset. But machines can learn a lot more: inferring your age, gender, ethnicity, socio-economic status, health conditions, and beyond. Researchers have even been able to generate images of faces based on the information contained in individuals' voice data."[3] "Soon companies may also draw conclusions about your weight [and] height."[4]

---

[3] https://www.wired.com/story/voice-recognition-privacy-speech-changer/.

[4] https://www.nytimes.com/2021/09/12/opinion/voice-surveillance-alexa.html?referringSource=articleShare

4

16.     Thus, voiceprints, especially when appropriated, may be utilized in in applications with pernicious, pervasive effects, such as "exploiting people's habit-forming tendences"[5] or engaging in other conduct that may be deemed "threatening or discriminatory."[6]

17.     BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks inherent to the collection and storage of biometrics, and a right to know how long such risks will persist.

18.     Plaintiff brings this action to prevent Defendants from further violating the privacy rights of Illinois residents, and to recover damages for Defendants' unauthorized collection, storage, and use of these individuals' biometrics in violation of BIPA.

## PARTIES

19.     Plaintiff Nicholas Pope is, and has been at all relevant times, a resident of Chicago, Illinois and has an intent to remain there, and is therefore a citizen of Illinois. Plaintiff utilized Defendants' PapaCall system when he placed an order by phone for a Papa Johns store located in Chicago, Illinois in or around March 2022.

20.     Defendants Papa John's International, Inc. d/b/a PapaJohns is an Indiana corporation with its principal places of business at 11470 Bluegrass Parkway, Suite 175, Louisville, Kentucky 40299. Papa Johns operates restaurants located throughout Illinois.

21.     Defendant Cognizant Technology Solutions Corporation is a Delaware corporation with its principal place of business at 300 Frank West Burr Boulevard, Teaneck, New Jersey,

---

[5] *Id.*

[6] *Id.*

07666. Cognizant, designed, developed, and provided the PapaCall system that is used by Papa Johns restaurants throughout the state of Illinois.

## JURISDICTION AND VENUE

22.     This Court has personal jurisdiction over Defendants because the biometrics that give rise to this lawsuit (1) belong to Illinois residents, (2) were collected by Defendants in Illinois from customers placing orders to Papa Johns restaurants in Illinois, (3) were collected by Defendants from customers located in Illinois while placing their orders in Illinois, and (4) were used by Defendants at facilities in Illinois.  Further, Defendants conduct significant business in Illinois, and Plaintiff's claims arise out of or relate to that business.

23.     Papa Johns maintains dozens of restaurants in Illinois,[7] each of which use PapaCall.

24.     Venue is proper in this County pursuant to 735 ILCS 5/2-102(a) because Defendants conduct their usual and customary business in this County.  735 ILCS 5/2-102(a).

## FACTUAL BACKGROUND

### I.     The Illinois Biometric Information Privacy Act

25.     In 2008, the Illinois Legislature enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (1)     informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2)     informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

---

[7] https://locations.papajohns.com/united-states/il.

6

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

26. Section 15(a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

27. As relevant here, BIPA defines "biometric identifiers" as including "voiceprint[s]." 740 ILCS 14/10. Further, when a voiceprint is "used to identify an individual," "regardless of how it is captured, converted, stored, or shared" it becomes "biometric information." *Id.*

28. As alleged below, Defendants' practices of collecting, storing, using, and possessing individuals' biometric identifiers (specifically, voiceprints) and associated biometric information without obtaining informed written consent violates BIPA § 15(b). In addition, Defendants' failure to provide a publicly available written policy regarding a schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information that they possessed violates BIPA § 15(a).

**II.     Defendants Violate BIPA**

29. Beginning in or about 2020, Papa Johns implemented an automated voice ordering ("AVO") system, PapaCall, which utilizes an AI voice assistant to take customer orders placed over the phone to its restaurants located across the nation, including those in Illinois. As of August

7

2021, PapaCall is available in over 1,500 Papa Johns stores, "with the company onboarding more locations regularly."[8]

30.     PapaCall was developed, designed, and provided by Cognizant, a technology services and consulting company.  Among the services that Cognizant provides to clients is "Cognizant Intelligent Interactions," an AI-based "digital contact center" that PapaCall is built upon and powered by.[9]

31.     While Cognizant Intelligent Interactions ("CII") includes a number of features, of relevance here is that CII provides "voice-enabled self service" that uses, by default, features like emotion and sentiment analysis, voice recording, topic and intent analysis, and speech analytics.[10]



---

[8] https://www.cognizant.com/us/en/documents/papa-johns-serves-up-ai-for-more-efficient-ordering.pdf.

[9] https://www.cognizant.com/us/en/documents/evolution-of-cx-centers-and-rise-of-ai.pdf

[10] *Id.*

**HOW INTELLIGENT INTERACTIONS STANDS OUT IN THE MARKET**

| Functional Block | Features | Traditional Contact Center | Cognizant Intelligent Interactions |
|---|---|---|---|
| Platform | Public Cloud (License Based) | ✓ | |
| | CPaaS (Usage Based) | | ✓ |
| Channels | Traditional - Voice/IVR/Email | ✓ | ✓ |
| | Digital - Chat, Video, SMS, Social, Co-Browse | ✓ | ✓ |
| | Digital Self Service - Chatbot, Voice Bot, Visual IVR | ✗ | ✓ |
| | Next-Gen Channels - WhatsApp, IoT, Google Home/Alexa | ✗ | ✓ |
| Media | Text and Voice | ✓ | ✓ |
| | Video and Image | ✗ | ✓ |
| Real-Time Intelligence | OOTB and Customized Reporting | ✓ | ✓ |
| | Speech and Text Interaction Analytics | ✗ | ✓ |
| | Cognitive - Emotion, Facial Sentiment | ✗ | ✓ |
| | Machine Learning - Predictive Analysis | ✗ | ✓ |
| Recording | Screen and Voice | ✓ | ✓ |
| | Single Unified Channel for Agent and Customer | ✗ | ✓ |
| Customer Journey | Omnichannel Customer Journey Maps | ✗ | ✓ |

32.     CII also makes use of cognitive computing, which in the customer service sector, for example, allows companies to "direct those customers to the employees who can best serve them" when the cognitive computing detects "strong negative sentiments."[11]

33.     In other words, a key feature of Cognizant's CII is to recognize customer voices, create voiceprints of customers, and analyze those voiceprints in order to derive emotional sentiment and market and sell goods and services based on perceived interests and tastes.

34.     Cognizant's patents describe these features in greater detail. One Cognizant patent claims to have developed a

> method … wherein identification and interpretation of the voice commands comprises: identifying speech input by processing and analyzing retrieved sound signals; converting the identified speech input into a text using at

---

[11] https://www.cognizant.com/us/en/glossary/cognitive-computing.

least one of: a speech recognition machine learning model and a speech to text module of the display device; interpreting the text using a voice interpretation machine learning model to identify user's intent.

*System and Method for Providing Automated Data Visualization and Modification*, Patent No. 11,282,267, at 22:60-67 (Mar. 22, 2022).

35. The same patent goes on to state

identification and interpretation of the voice commands comprises: identifying speech input by processing and analyzing sound signals retrieved via at least one of: a plurality of sensing devices and a microphone of the display device; converting the identified speech input into text using at least one of: a speech recognition machine learning model and a speech to text module of the display device; interpreting the text using a voice interpretation machine learning model to identify user's intent.

*Id.*, at 25:6-17.

36. Finally, the same patent states:

The action interpretation unit [] interprets inputs from sound signals. The action identification unit interprets inputs from sound signal using the voice recognition model. In an embodiment of the present invention, the voice recognition model comprises a speech recognition model and a voice interpretation model. In an exemplary embodiment of the present invention, a speech recognition model is used to convert the detected speech input into text. The voice interpretation model is used to interpret user's intent to perform an action from the detected text ... Further, the text obtained from the detected speech is interpreted to identify user's intent to perform an action using voice interpretation model.

*Id.*, at 12:57-13:12

37. Another Cognizant patent notes "the AI engine [] does sentiment analysis of the speech conversations and derives conversational context from sophisticated natural language programming technique or utilizing deep learning approach. In certain exemplary embodiments, the AI engine [] analyzes the speech sentences and emotional variations associated with speech sentences." *Artificial Intelligence Enabled Mixed Reality System And Method*, Patent No. 11,113,890, at (Sept. 7, 2021), at 6:27-33.

10

38.    Papa Johns has made use of these features of CII (as well as those listed throughout this Complaint) in its PapaCall call center. Cognizant "helped build PapaCall from scratch, building new business logic and interactive voice recognition (IVR) software tailored to Papa John's ordering experience, including mastery of the menu and all potential order permutations."[12]

39.    Cognizant has noted that a key feature of IVR is "speech analytics," which is "used to extract valuable information from voice recordings. They are typically used by contact centers in analyzing recorded calls to discover avenues for increasing operational effectiveness." Speech analytics solutions can also "help in gaining insight into ... [c]ustomer satisfaction levels," "[c]ustomer intent insights," and "[m]aximizing opportunities for making contextual sales."[13]

40.    Using CII, PapaCall offers "a more personalized customer experience for those calling in their orders," "stor[ing] customer preferences to create a more contextual interaction,"[14] and "giv[ing] Papa John's agents customer data and advanced analytics that allows the creation of hyper-personalized customer offerings."[15]

41.    Cognizant also gave its own spin on the creation of PapaCall, stating "one leading fast food chain wanted to transform its call center." Cognizant "helped the company deploy an interaction analytics solution that *analyzes 100% of all contact center interactions, including voice*, email and text."[16] In order to do this, Cognizant "leveraged interaction analytics to identify

---

[12] https://www.cognizant.com/us/en/documents/papa-johns-serves-up-ai-for-more-efficient-ordering.pdf

[13] https://www.slideshare.net/cognizant/enterprise-voice-technology-solutions-a-primer

[14] https://www.tmcnet.com/channels/call-center-scheduling/articles/449716-papa-johns-overhauls-call-center-with-ai-infused.htm.

[15] https://www.cognizant.com/us/en/thought-leadership/documents/papa-johns-delivers-customer-delight-with-papacall-codex6714.pdf

[16] https://www.cognizant.com/us/en/latest-thinking/perspectives/interaction-analytics-five-reasons-to-implement-it-now (emphasis added).

11

call drivers (reasons for the call) that had high negative sentiment and identify approaches to address the underlying need for the call."[17]

42.     However, for the customer, using Defendants' PapaCall system to place orders over the phone is not without its costs. When a customer interacts with PapaCall, the system collects, stores, uses, and possesses the customer's biometrics (specifically, their voiceprint) to understand, interpret, analyze, and/or make use of speech signals produced by the customer. Specifically, as noted above, Defendants collect, store, use, and possess customer biometrics in order to, among other things, derive emotional sentiment, market and sell goods based on perceived interests, and analyze customer satisfaction to improve ordering experiences.

43.     It is clear Defendants, through PapaCall, are collecting, storing, using, and possessing voiceprints. A voiceprint is "a set of quantifiable traits of an individual's voice that can be a) measured using a mathematical formula and b) can be matched with a specific individual and no one else."[18] PapaCall is collecting a specific set of traits from a customer's voice that are unique to an individual because, for instance, the traits are used to gauge the sentiment of a specific customer. Thus, the voice information taken from Papa Johns' customers is their voiceprints.

44.     Cognizant's patents, likewise, indicate that its technologies utilized in the PapaCall system, collect, store, use, and possess voiceprints and biometric information. Specifically, Cognizant's patents make multiple references to the extraction of voice or speech data from whatever a customer says.

45.     In one patent, Cognizant claims to have developed a system

> comprise[d] of an input module configured to receive ... speech data ... Then, the extraction module *extracts* dynamically varying ... aural and other symptomatic characteristics from the received ... speech data ... Now,

---

[17] *Id.*

[18] https://www.cxtoday.com/contact-centre/what-is-voiceprint/.

> the artificial intelligence engine performs context driven emotional assessment on the dynamically varying … aural and other symptomatic characteristics.

Patent No. 11,113,890, at 2:61-3:4 (emphasis added).

46. The same patent goes on to note that Cognizant's software "comprises of an operating system [] that provisions an input module [], *an extraction module* [] and an artificial intelligence (AI) engine [] for performing variety of actions associated with obtaining … speech data … [and] *extracting* dynamically varying expressions." *Id* at 4:37-41 (emphasis added).

47. Problematically, Defendants collect, store, use, and possess these voiceprints from Illinois without adhering to the privacy requirements imposed by BIPA, thereby exposing Illinois residents to significant harm to their privacy interests.

48. In direct violation of BIPA § 15(b)(1), Defendants collect, and then indefinitely store, voiceprints of Papa Johns customers in Illinois who interact with the PapaCall system, which utilizes an AI voice assistant to take orders placed over the phone, without ever informing anyone of this practice in writing.

49. In direct violation of BIPA §§ 15(b)(2) and 15(b)(3), Defendants never informed Illinois residents who interacted with the PapaCall system of the specific purpose and length of term for which their biometrics would be collected, stored, and used, nor did Defendants obtain a written release from any of these individuals.

50. In direct violation of BIPA § 15(a), when Defendants possessed Illinois residents' biometrics, Defendants did not and still do not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometrics.

13

### III.    Plaintiff's Experience

51.    Like thousands of other Illinois residents, Plaintiff's voiceprint and biometric information were collected when he interacted with PapaCall to place orders from a Papa Johns restaurant, located in Chicago, Illinois, in or about March 2022.

52.    When Plaintiff called the Papa Johns location, he was transferred to the PapaCall system, wherein Plaintiff's voiceprint and biometric information were collected by the AI system to understand, interpret, analyze, and/or make use of speech signals produced by Plaintiff; analyze Plaintiff's emotional sentiment; analyze any products that may be of interest to Plaintiff; compile data specific to Plaintiff; provide a tailored experience to Plaintiff; and furnish Plaintiff with the capacity to expeditiously reorder.

53.    At no time did Plaintiff receive notice from Defendants, in writing or any other form, that Defendants were collecting, storing, and using his voiceprint and biometric information.

54.    At no time did Plaintiff receive notice from Defendants, in writing or any other form, of the specific purpose and length of term for which his voiceprint and biometric information were being collected, stored, and used by Defendants.

55.    At no time was Plaintiff asked by Defendants to provide consent for Defendants to collect, store, or use his voiceprint or biometric information.

56.    At no time did Plaintiff give Defendants permission in writing or any other form for or otherwise consent or agree to the collection, storage, or use of his voiceprint or biometric information.

57.    Likewise, Defendants never provided Plaintiff with any opportunity to prohibit or prevent the collection, storage, or use of his voiceprint or biometric information.

14

58.     At no time while possessing Plaintiff's biometric data did Defendants maintain publicly available retention and deletion schedules for biometric data. As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's biometrics when the initial purpose for possessing such data has been satisfied.

59.     By collecting, storing, using, and possessing Plaintiff's unique biometrics in the manner described above, Defendants violated BIPA §§ 15(a) and (b)

## CLASS ALLEGATIONS

60.     **Class Definition**: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois residents who had their voiceprint or biometric information collected, captured, received, possessed, or otherwise obtained and/or stored by PapaCall when making a call from Illinois to a Papa Johns location in Illinois.

61.     The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

62.     **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), the numbers of persons within the Class are substantial, each believed to amount to thousands if not millions of persons. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder

15

impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendants' records.

63.    **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

      (a) whether Defendants collected or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;

      (b) whether Defendants properly informed Plaintiff and the Class that they collected, used, and stored their biometric identifiers and/or biometric information;

      (c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers and/or biometric information;

      (d) whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

      (e) whether Defendants used Plaintiff's and the Class's biometric identifiers and/or biometric information to identify them;

      (f) whether Defendants destroyed Plaintiff's and the Class's biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

      (g) whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

16

64. **Adequate Representation:** Pursuant to 735 ILCS 5/2-801 (3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such the Class. Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definitions to address any steps that Defendants took.

65. **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the

17

management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

## CAUSES OF ACTION

### COUNT I – FOR DAMAGES AGAINST DEFENDANTS
### VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

66.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention and deletion policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

68.     Defendants failed to comply with these BIPA mandates.

69.     Defendants are companies registered to do business in Illinois and thus qualify as "private entities" under BIPA. *See* 740 ILCS 14/10.

70.     Plaintiff is an individual who had his "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

71.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

72.     Defendants failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

73.     Defendants lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometrics while in possession of said biometrics. As such, the only

18

reasonable conclusion is that Defendants have not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

74.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the possession of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

(a)    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

(b)    Declaring that Defendants' actions, as set out above, violate 740 ILCS 14/15(a);

(c)    Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

(d)    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendants to possess biometric identifiers and/or biometric information in compliance with BIPA § 15(a);

(e)    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

19

(f)     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(g)     Awarding such other and further relief as equity and justice may require.

## COUNT II – FOR DAMAGES AGAINST DEFENDANTS
### VIOLATION OF 740 ILCS 14/15(B) –
### FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

75.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76.     BIPA requires companies to obtain informed written consent from customers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b) (emphasis added).

77.     Defendants failed to comply with these BIPA mandates.

78.     Defendants are companies registered to do business in Illinois and thus qualify as "private entities" under BIPA. *See* 740 ILCS 14/10.

79.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendants, as explained in detail above. *See* 740 ILCS 14/10.

80.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

20

81.    Defendants systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

82.    Defendants never informed Plaintiff, and never informed any member of the Class, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendants inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, and/or used as required by 740 ILCS 14/15(b)(1)-(2).

83.    By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/15(b).

84.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

21

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Class, respectfully

requests that this Court enter an Order:

(a)    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

(b)    Declaring that Defendant's actions, as set out above, violate 740 ILCS 14/15(b);

(c)    Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

(d)    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA § 15(b);

(e)    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

(f)    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(g)    Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: August 30, 2022          Respectfully submitted,

                           */s/ Carl V. Malmstrom*
                           **WOLF HALDENSTEIN ADLER**
                           **FREEMAN & HERZ LLC**
                           Attorney No. 38819
                           Carl V. Malmstrom
                           111 W. Jackson Blvd., Suite 1700
                           Chicago, IL 60604
                           Tel: (312) 984-0000
                           Fax: (212) 686-0114

→ This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Cook _____ COUNTY | | |

FILED DATE: 8/31/2022 7:35 PM 2022CH08642

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Nicholas Pope _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | **v.** Papa John's International, Inc. et al. _____ **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2022-CH-08642 _____ **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ *First, Middle, Last* and I state _____

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent _____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____ *First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____, 20 _____.

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | *For Court Use Only* |
|---|---|---|

Cook COUNTY

**FILED**
8/31/2022 7:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08642
Calendar, 12
19323228

FILED DATE: 8/31/2022 7:35 PM   2022CH08642

**Instructions** ▼

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

Nicholas Pope

**Plaintiff / Petitioner** *(First, middle, last name)*

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
v. Judge: Calendar, 12

Papa John's International, Inc. et al.

**Defendant / Respondent** *(First, middle, last name)*

2022-CH-08642

**Case Number**

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

In **1b**, enter a second address for Defendant/Respondent, if you have one.

In **1c**, check how you are sending your documents to Defendant/Respondent.

1. **Defendant/Respondent's address and service information:**

   a. Defendant/Respondent's primary address/information for service:
   Name *(First, Middle, Last)*:  Cognizant Technology Solutions Corporation
   Registered Agent's name, if any:  Corporation Service Company
   Street Address, Unit #:  251 LITTLE FALLS DRIVE
   City, State, ZIP:  Wilmington, DE 19808
   Telephone:                    Email:

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
   Name *(First, Middle, Last)*:
   Street Address, Unit #:
   City, State, ZIP:
   Telephone:                    Email:

   c. Method of service on Defendant/Respondent:
   ☐ Sheriff          ☐ Sheriff outside Illinois:  _____
   *County & State*
   ☐ Special process server     ☑ Licensed private detective

FILED DATE: 8/31/2022 7:35 PM   2022CH08642

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.  Information about the lawsuit:**<br>Amount claimed:   $ _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.  Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*:  Carl V. Malmstrom<br>Street Address, Unit #:  111 W. Jackson Blvd. Suite 1700<br>City, State, ZIP:  Chicago<br>Telephone: _____   Email:  malmstrom@whafh.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at illinoiscourts.gov/documents-and-forms/approved-forms/. |

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

**4.  Instructions for person receiving this *Summons* (Defendant):**

☑ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address:  50 W. Washington St.

City, State, ZIP:  Chicago, IL 60602

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

☐ b.  Attend court:

On: _____   at _____   ☐ a.m. ☐ p.m. in _____
    *Date*          *Time*                            *Courtroom*

In-person at:

_____
*Courthouse Address*      *City*              *State*      *ZIP*

In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website. All of this information is available from the Circuit Clerk.

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

By telephone: _____
                  *Call-in number for telephone remote appearance*

By video conference: _____
                        *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____   or visit their website
                 *Circuit Clerk's phone number*

at: _____   to find out more about how to do this.
   *Website*

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | 8/31/2022 7:35 PM IRIS Y. MARTINEZ<br><br>**Witness this Date:** _____<br><br>**Clerk of the Court:** _____ |



**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
                *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

**STOP!**
The officer or process server will fill in the Date of Service.

FILED DATE: 8/31/2022 7:35 PM   2022CH08642

| STATE OF ILLINOIS, CIRCUIT COURT | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|
| Cook _____ **COUNTY** | | |

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Nicholas Pope _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. Papa John's International, Inc. et al. _____ **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2022-CH-08642 _____ **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

  ☐  Personally on the Defendant/Respondent:
  Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____

  ☐  On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
  member or lives there:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____
  And left it with: _____
      *First, Middle, Last*
  Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the
  above address on _____ , 20 _____ .

  ☐  On the Corporation's agent, _____
          *First, Middle, Last*
  Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:* ☐ Sheriff
           ☐ Sheriff outside Illinois:

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ 0 _____

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 8/31/2022 7:35 PM   2022CH08642

FILED DATE: 8/31/2022 7:35 PM   2022CH08642

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Cook _____ COUNTY | | FILED 8/31/2022 7:35 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2022CH08642 Calendar, 12 19323228 |

**Instructions ▾**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/ Respondents.

Enter the Case Number given by the Circuit Clerk.

Nicholas Pope
_____
**Plaintiff / Petitioner** *(First, middle, last name)*

    Hearing Date: No hearing scheduled
    Location: <<CourtRoomNumber>>
v.  Judge: Calendar, 12

Papa John's International, Inc. et al.
_____
**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)*

2022-CH-08642
_____
**Case Number**

| IMPORTANT INFORMATION: | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| Plaintiff/Petitioner: | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

In **1b**, enter a second address for Defendant/ Respondent, if you have one.

In **1c**, check how you are sending your documents to Defendant/ Respondent.

1.   **Defendant/Respondent's address and service information:**
    a.   Defendant/Respondent's primary address/information for service:
        Name *(First, Middle, Last)*:  Papa John's International, Inc.
        Registered Agent's name, if any:  Corporation Trust Company
        Street Address, Unit #:  CORPORATION TRUST CENTER 1209 ORANGE ST
        City, State, ZIP:  Wilmington, DE 19801
        Telephone: _____ Email: _____

    b.   If you have more than one address where Defendant/Respondent might be found, list that here:
        Name *(First, Middle, Last)*: _____
        Street Address, Unit #: _____
        City, State, ZIP: _____
        Telephone: _____ Email: _____

    c.   Method of service on Defendant/Respondent:
        ☐ Sheriff    ☐ Sheriff outside Illinois: _____
                                         *County & State*
        ☐ Special process server  ☑ Licensed private detective

Enter the Case Number given by the Circuit Clerk: 2022-CH-08642

FILED DATE: 8/31/2022 7:35 PM 2022CH08642

In **2**, enter the amount of money owed to you.

**2. Information about the lawsuit:**

Amount claimed: $ ______

In **3**, enter your complete address, telephone number, and email address, if you have one.

**3. Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: Carl V. Malmstrom

Street Address, Unit #: 111 W. Jackson Blvd. Suite 1700

City, State, ZIP: Chicago

Telephone: ______ Email: malmstrom@whafh.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

In **4a,** fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In **4b,** fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website.

All of this information is available from the Circuit Clerk.

**4. Instructions for person receiving this *Summons* (Defendant):**

☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service)* by e-filing or at:

Address: 50 W. Washington St.

City, State, ZIP: Chicago, IL 60602

☐ b. Attend court:

On: ______ *Date* at ______ *Time* ☐ a.m. ☐ p.m. in ______ *Courtroom*

**In-person at:**

______ *Courthouse Address* *City* *State* *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

By telephone: ______ *Call-in number for telephone remote appearance*

By video conference: ______ *Video conference website*

______ *Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: ______ *Circuit Clerk's phone number* or visit their website at: ______ *Website* to find out more about how to do this.

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** 8/31/2022 7:35 PM IRIS Y. MARTINEZ

**Clerk of the Court:** ______

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Seal of Court

**STOP!**
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: ______

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

FILED DATE: 8/31/2022 7:35 PM   2022CH08642

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Nicholas Pope _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Papa John's International, Inc. et al. _____<br>**Defendant / Respondent** *(First, middle, last name)* | 2022-CH-08642 _____<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

FILED DATE: 8/31/2022 7:35 PM   2022CH08642

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:**                                                    **FEES**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | *Signature by:* ☐ Sheriff<br>☐ Sheriff outside Illinois:<br><br>_____<br>*County and State*<br>☐ Special process server<br>☐ Licensed private detective | Service and Return: $ _____<br>Miles _____ $ _____<br>Total $ 0 _____ |

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED
8/31/2022 2:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08642
Calendar, 12
19317284

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

NICHOLAS POPE, *on behalf of himself and
all others similarly situated*,

      Plaintiff,

v.

PAPA JOHN'S INTERNATIONAL d/b/a
PAPA JOHNS, and COGNIZANT
TECHNOLOGY SOLUTIONS
CORPORATION,

      Defendants.

Case No. 2022-CH-8642

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiff Nicholas Pope ("Plaintiff"), by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as the Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of this Motion, Plaintiff submits the following Memorandum of Law.

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

Dated:  August 31, 2022

Respectfully submitted,

*/s/ Carl V. Malmstrom*

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
Attorney No. 38819
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the Class*

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Max S. Roberts*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-mail: jmarchese@bursor.com
mroberts@bursor.com

*\*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Class*

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>

This Court should certify a class of all Illinois residents who had their voiceprint or biometric information collected, captured, received, possessed, or otherwise obtained and/or stored by PapaCall when making a call from Illinois to a Papa Johns location in Illinois. Defendant Papa John's International d/b/a Papa Johns ("Papa Johns") operates its brand throughout Illinois, and the PapaCall System developed in conjunction with Defendant Cognizant Technology Solutions Corporation ("Cognizant") operates at each Illinois restaurant owned and operated by Papa Johns. Papa Johns uses an automated voice ordering ("AVO") system, "PapaCall," developed, provided, and or/maintained by Cognizant to collect, store, use, and possess customers' voiceprints and biometric information. Compl. ¶ 9. In so doing, Defendants have violated Illinois Law because they (1) never adequately informed any of Papa Johns' customers who have interacted with PapaCall that the system was collecting, storing, and/or using their voiceprints and biometric information; (2) never adequately informed any of Papa Johns' customers of the specific purpose and length of term for which such biometric identifiers and biometric information are collected, stored, and used; (3) Defendants never obtained written consent from any of Papa Johns' customers regarding their biometric practices; and (4) never provided any data retention or destruction policies to any of Papa Johns' customers. Defendants' conduct was in violation of § 15(a) and 15(b) the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").

After Plaintiff learned of Defendants' wrongful conduct, he commenced suit on behalf of a Class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage, use, and possession of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

- 1 -

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

## I.       THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and voiceprints/vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored.  Compl. ¶¶ 1 n.1, 1 n.2.

The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information."  Compl. ¶ 2 (citing 740 ILCS 14/5(c)). "For example, social security numbers, when compromised, can be changed.   Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."  *Id.*

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or his biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a)-(b);  Compl. ¶¶ 3-4.

II.     **FACTUAL BACKGROUND**

A.     **The Underlying Misconduct**

Defendants have collected the biometrics of thousands of individuals within the state of Illinois. Compl. ¶¶ 23, 51, 61. During the relevant time period in the State of Illinois, Defendants implemented an AVO system, PapaCall, to collect voiceprints and biometric information from Papa Johns' customers, including Plaintiff, allow customers to place orders over the phone, answer customers' questions, give directions, and respond to other customer and restaurant needs. *Id.* ¶¶ 7, 29, 51-52. However, the AVO systems each collect, store, and use customers' voiceprints and biometric information to understand, interpret, analyze, and/or make use of speech signals produced by customers; engage in speech recognition and other functions; and fulfill machine learning processes, which, among other things, help the Defendants' automated voice ordering systems to become more accurate over time; compile guest-specific data and/or identify customers; provide a tailored experience; and allow for expeditious reordering." *Id.* ¶¶ 9, 30-46, 52.

Each voiceprint extracted by Defendants is biologically unique to the particular individual. *Id.* ¶¶ 2, 43, 59. Each instance when Plaintiff and the other Class members interacted with the PapaCall system, Defendants captured, collected, stored, used, and/or possessed Plaintiff's and the other Class members' voiceprints (*i.e.*, biometric identifiers) and biometric information without valid consent and without complying with and, thus, in violation of BIPA. *Id.* ¶¶ 10-14, 53-59. Specifically, Defendants (1) failed to inform Plaintiff and the other members of the Class in writing that their voiceprint biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1); (2) failed to inform Plaintiff and the other Class members in writing of the specific purpose for which their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); (3) failed to inform Plaintiff and

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

the other Class members in writing the specific length of term their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2). (4) failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and (5) failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a). *Id*.

**B.       The Proposed Class**

Plaintiff brings this action on behalf of themself and similarly situated individuals pursuant to 735 ILCS § 5/2-801.  Plaintiff seeks to represent a Class defined as follows:

> All Illinois residents who had their voiceprint or biometric information collected, captured, received, possessed, or otherwise obtained and/or stored by PapaCall when making a call from Illinois to a Papa Johns location in Illinois.

Compl. ¶ 60.

As explained below, the proposed Class satisfies the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication.  A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendants' unlawful conduct.

**III.     ARGUMENT**

**A.       Legal Standard for Class Certification**

To obtain class certification, a plaintiff does not need to establish that they will prevail on the merits of the action.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation

FILED DATE: 8/31/2022 2:27 PM    2022CH08642

omitted)).  In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true.  *Ramirez v. Midway Moving & Storage, Inc*., 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> 1.  The class is so numerous that joinder of all members is impracticable.
>
> 2.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> 3.  The representative parties will fairly and adequately protect the interest of the class.
>
> 4.  The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.  Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois."  *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53.  While a court may rule on class certification without requiring further discovery, *see* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.     The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are thousands if not millions of members in the Class. Compl. ¶¶ 23 51, 62. Because definitive evidence of numerosity can only come from the records of Defendants and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. CONTE & H. NEWBERG, NEWBERG ON CLASS ACTIONS § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members

FILED DATE: 8/31/2022 2:27 PM  2022CH08642

of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class and Subclasses, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small.  *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2).  Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg,* 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendants, are based on the same legal theory, and implicate, among others, the following common issues:

> (a)  whether Defendants collected or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;
>
> (b)  whether Defendants properly informed Plaintiff and the Class that they collected, used, and stored their biometric identifiers and/or biometric information;
>
> (c)  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers and/or biometric information;
>
> (d)  whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

(e) whether Defendants used Plaintiff's and the Class's biometric identifiers and/or biometric information to identify them;

(f) whether Defendants destroyed Plaintiff's and the Class's biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

(g) whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

Compl. ¶ 63.

As alleged, and as will be shown through obtainable evidence, Defendants engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Plaintiff and members of the Class without providing proper notice, without retaining a written release, and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiffs have satisfied this hurdle to certification.

### D.  The Adequate Representation Requirement is Satisfied.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

In this case, Plaintiff have the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendants' AVO system technology and Defendants captured, collected, stored, and possessed his biometrics without complying with BIPA's requirements. Compl. ¶¶ 51-59. Plaintiffs' pursuit of this matter against Defendants demonstrates that they will be zealous advocates for the Classes. *Id.* ¶ 64

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. *Id.* Plaintiff and his counsel are committed to vigorously prosecuting this class action. *Id.* Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such the Class. *Id.* Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. *Id.* Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.     Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

class action ... a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Classes would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient.

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl. ¶ 65. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources

- 10 -

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendants' conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendants would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 have been satisfied. Plaintiffs respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as the Class Representative as outlined herein, appointing Wolf Haldenstein Adler Freeman & Herz LLC and Bursor & Fisher, P.A. as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated:  August 31, 2022                     Respectfully submitted,

*/s/ Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
Attorney No. 38819

- 11 -

FILED DATE: 8/31/2022 2:27 PM   2022CH08642

Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the Class*

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Max S. Roberts*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-mail: jmarchese@bursor.com
        mroberts@bursor.com

*\*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Class*